**Elmore McKELLY, Plaintiff in Error,**

v.

**The STATE of Oklahoma, Defendant in Error.**

**No. A–13175.**

Court of Criminal Appeals of Oklahoma.

Nov. 7, 1962.

**982**

E. Melvin Porter and Lewis E. Darrell, Oklahoma City, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Lewis A. Wallace, Asst. Atty. Gen., James H. Harrod, Oklahoma County Atty., John M. Amick, Asst. County Atty., for defendant in error.

BUSSEY, Judge.

This is an appeal perfected by Elmore (PeeWee) McKelly, hereinafter referred to as defendant, from a judgment and sentence entered against him by the Honorable William L. Fogg, District Judge in and for Oklahoma and Canadian Counties, fixing his punishment at 15 years in the State Penitentiary for the crime of Rape in the First Degree.

There are three assignments of error urged by defendant as grounds for reversal and since the first of these assignments relates to sufficiency of evidence, we set forth the following summary of facts adduced from the record. The testimony of the prosecutrix, Imogene Cody, insofar as it relates to the specific charge upon which the defendant stands convicted, was in substance as follows:

That on the evening of September 10, 1959, she was forced to accompany her husband to the home of the defendant and that while there, she was forced onto a bed by her husband and the defendant, where by use of force, overcoming her resistance and while being held by her husband, Kenneth John Cody, the defendant had sexual intercourse with her against her will.

Prosecutrix testified in some detail as to the resistance she made and that the defendant, when asked by Kenneth John Cody if he would like to have sexual relations with prosecutrix, answered: "Yes, that there was two things that he liked, and that was white women and whiskey."

In the statement introduced on behalf of the State and in his testimony given at the trial, the defendant admitted the act of sexual intercourse with prosecutrix, but, asserted that he committed the act under the coercion and duress of Kenneth John Cody, husband of the prosecutrix. The defendant testified that he was afraid that if he did not commit the act, Cody would carry out his threat to kill them both (defendant and prosecutrix).

■ Since the testimony of both the state and the defendant amply established that Elmore (PeeWee) McKelly, the defendant, had sexual relations with Imogene Cody, prosecutrix, against her will, the only substantial question for the jury's consideration was whether the prosecutrix's testimony that McKelly voluntarily, and by use of force, with the assistance of Kenneth John Cody, committed the act of sexual intercourse upon her; or, whether McKelly was acting under coercion and duress and was in fear of death or great bodily injury when he committed the act.

The law is well settled in this jurisdiction, that:

"Where the evidence is conflicting and different inferences can be drawn therefrom, it is the province of the jury to weigh such evidence and determine the facts." McCluskey v. State, Okl. Cr., 372 P.2d 623.

■ Applying this well settled principle to the facts in the instant case, we are of the opinion that the jury chose to believe

the testimony of the prosecutrix rather than that of the defendant on this crucial issue, as it was their right to do so, and that the evidence, when so believed, was ample to support the verdict of the jury.

To understand fully the defendant's next assignment of error, it will be necessary to briefly set forth the facts giving rise to the same.

As a part of the defendant's evidence and by agreement of the State, the defendant introduced into evidence a certified copy of an Order of Dismissal entered by the Honorable Fred Daugherty, then one of the District Judges in and for Oklahoma County. Said order was entered on the 25th day of October, 1961, and dismissed a charge of Rape in the First Degree pending at that time against the defendant, Elmore (PeeWee) McKelly. As a part of the Order of Dismissal, the following language was noted thereon:

"Judge W. R. Wallace, Jr., Presiding Judge at Cody's trial, companion case, advises of his opinion, the State cannot convict in this case bearing on the evidence in the Cody trial."

After the defense rested, and as a part of the State's rebuttal, Judge W. R. Wallace, Jr. was called and, over the objection of the defendant, was allowed to testify that he did not advise Judge Daugherty that he was of "the opinion the State cannot convict in this case based on evidence in Cody trial."

It is urged by the defendant the court committed reversible error in allowing Judge Wallace to testify, contrary to the statement of Judge Fred Daugherty, set forth in the order, supra. Defendant argues that this is a collateral attack on the records of the court and is improper.

Such contention might have some merit if the order of Judge Daugherty, introduced on behalf of the defendant, had any probative value in the case at bar. But, it does not.

The defendant has never urged that the dismissal order of October 25, 1961, constituted a bar to this prosecution; nor, that he twice had been placed in jeopardy for the same offense. This being true, we are of the opinion that the order above referred to should not have been admitted as evidence in the instant case, for it purported to determine the sufficiency of the evidence of the defendant's guilt, which is a matter for a jury's determination, and, constituted an invasion of the jury's right to make a determination of such fact.

Since this evidence was an improper invasion of the right of the jury to determine the issues, the testimony of Judge Wallace, as above set forth, could not have affected any of the substantial rights of the accused, for he did not express any opinion on the sufficiency of the evidence and further denied having expressed the same to Judge Daugherty. We are, therefore, of the opinion that this assignment of error is wholly without merit.

The defendant's third assignment of error relates to an instruction given by the trial court to which no exception was made or suggested instruction offered by the defendant. Nor was reference made to said instruction in the defendant's Motion for New Trial.

We have repeatedly held that:

"Errors to which no exceptions were taken will not be considered on appeal unless they are jurisdictional or fundamental in character." Williams v. State, Okl.Cr., 373 P.2d 85.

We have carefully examined the instruction complained of, together with the other instructions given by the court, and find the instructions as a whole, free from fundamental error.

The judgment and sentence appealed from is accordingly affirmed.

NIX, P. J., and BRETT, J., concur.